STELLA BARBER v. B. GEORGE BARBER.

(Filed 27 September, 1939.)

**Judgments § 23: Divorce § 14—Where defendant makes general appearance in action for subsistence without divorce, service of notice of subsequent petition for recovery of past due installments gives court jurisdiction.**

An action is not ended by the rendition of a judgment, but is still pending until the judgment is satisfied for the purpose of motions affecting the judgment but not the merits of the original controversy, especially

judgments allowing alimony with or without divorce, and where the defendant makes a general appearance in the original action for subsistence without divorce in which judgment is duly rendered for plaintiff, the court acquires jurisdiction over defendant by the proper service of notice of plaintiff's subsequent petition to recover past due installments, and defendant may not challenge the court's jurisdiction to hear plaintiff's motion and petition for such recovery by special appearance.

APPEAL by defendant from *Pless, Jr., J.,* at June Term, 1939, of BUNCOMBE. Affirmed.

Petition and motion in the cause by the plaintiff. In 1920 the plaintiff instituted an action against the defendant for subsistence without divorce. After answer was filed the cause was duly heard before a jury and the issues submitted were answered in favor of the plaintiff. There was judgment thereon allowing the plaintiff subsistence under the statute. The judgment allowing subsistence was modified in October, 1929, by a judgment of Johnson, J. This order reduced the amount of the monthly payments of defendant. At the March Term, 1939, Pless, Jr., J., on affidavit of the plaintiff, entered an order directing that notice be served on the defendant, who is now a nonresident of the State, by the sheriff of Hamilton County, Tennessee, "to appear at Asheville, North Carolina, on 17 April, 1939, and then and there show cause, if any he may have, why the relief prayed for by the plaintiff in her petition filed should not be granted." The order further directed that a copy of the verified petition likewise be served on the defendant. At the same time the plaintiff filed a petition setting forth the former judgments and orders and alleging that the defendant was then in arrears in the payment of monthly installments required of him for the subsistence of the plaintiff in the sum of $16,428.50.

In her petition the plaintiff prays that she have and recover of the defendant herein judgment in the amount of the past-due installments, with interest, etc.; that the purported divorce decree obtained by the defendant in the State of Georgia be declared null and void; that the defendant, by appropriate order, be commanded to appear and answer the petition and show cause, if any he may have, why the relief prayed for should not be granted; and for counsel fees and costs.

The notice directed by the judge, together with a copy of the petition, was served on the defendant in the State of Tennessee, 29 March, 1939, by the sheriff of Hamilton County, Tennessee.

The defendant, through his counsel, on 14 April, 1939, entered a special appearance in the cause for the sole purpose of moving to dismiss said petition for want of jurisdiction. The motion set forth the several grounds relied upon by the respondent. The cause came on for hearing on the special appearance and motion to dismiss entered by the

defendant before Pless, Jr., J., at the June Term, 1939, Buncombe County Superior Court. The judge below, having taken the cause under consideration by consent, entered a judgment *nunc pro tunc* 7 August, 1939, adjudging "that the special appearance and motion of the defendant B. George Barber be, and the same hereby is overruled and denied and the defendant B. George Barber is allowed thirty days from this date within which to file demurrer, answer or other pleadings to said petition." Defendant excepted and appealed.

*Jordan & Horner for plaintiff, appellee.*
*Weaver & Weaver for defendant, appellant.*

BARNHILL, J. It is stipulated in the record that summons in the original cause was personally served on the defendant and it appears from the record that he made a general appearance and answered the plaintiff's complaint. Can he now, on special appearance, challenge the jurisdiction of the court to hear plaintiff's petition and motion in the cause? This is the only question presented and it must be answered in the negative.

An action in court is not ended by the rendition of a judgment, but in certain respects it is still pending until the judgment is satisfied. *Finance Co. v. Trust Co.,* 213 N. C., 369, 196 S. E., 340. Motion affecting the judgment but not the merits of the original controversy may be made in the cause. *Land Bank v. Davis,* 215 N. C., 100. This is particularly true of judgments allowing alimony in divorce actions and in actions for alimony without divorce, in which it may not be said that the judgment is in all respects final. C. S., 1667. Such actions are always open for motions in the cause to determine the amount of arrearage and to obtain the remedies permitted by statute for the enforcement of the order for alimony. It was not required that a new summons be served upon the defendant. Notice of motion under the statute was sufficient. This notice was duly served.

It appears from this record, as stated, that the defendant is in court and is subject to its jurisdiction, on notice, to hear and determine motions in the cause. Want of jurisdiction of the court in such matters may not be challenged by special appearance. The right of the plaintiff to make the motion may not be thus questioned.

Perhaps defendant's appeal was premature. In any event, only a question of procedure is presented. We do not decide the right of the plaintiff to the relief sought in her petition and motion. Nor do we determine the merits of the controversy arising thereon. We merely hold that, as the defendant has received due notice of a motion in the cause in which he had theretofore made a general appearance, he may

now defend only by general appearance, by answer or demurrer or appropriate motion. The court below properly protected his right in this respect by granting time in which to plead in such manner as he may be advised.

The judgment below is

Affirmed.