BARBER *v.* BARBER.

(*Knoxville*, September Term, 1943.)

Opinion filed November 20, 1943.

MEACHAM & MEACHAM, of Chattanooga, for complainant.

SHEPHERD, CURRY & LEVINE, of Chattanooga, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This bill was filed seeking recovery on a North Carolina judgment rendered in favor of the complainant against the defendant. From a decree in favor of complainant, the defendant has appealed.

The judgment upon which suit is brought represents arrears of alimony or separate maintenance to which. the complainant was adjudged to be entitled under a former judgment of the superior court of Buncombe County, North Carolina. The determinative question is whether the North Carolina judgment is a final judgment entitled to full faith and credit under the Federal Constitution. Article 4, sec. 1. As above seen, the chancellor held it to be of that character. This conclusion is challenged by the complainant.

There is a divergence of opinion in the several States as to the power of the court to modify provisions for alimony as respects past due installments. The decisions are collected in a Note in 94 A. L. R., 331. At the time this Note was prepared, it does not appear that the North Carolina court had expressed itself upon this question so far as we are able to ascertain.

In *Sistare* v. *Sistare*, 218 U. S., 1, 16, 30 S. Ct., 682 686, 54 L. Ed., 905, 910, 28 L. R. A. (N. S.), 1068, 20 Ann.

Cas., 1061, the Supreme Court reviewed its former decisions respecting the nature of judgments for alimony and expressed itself thus:

"First, that, generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the *Barber case* [*Barber* v. *Barber*, 21 How., 582, 16 L. Ed., 226], 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due."

The judgment upon which suit is herein brought was affirmed by the Supreme Court of North Carolina. In *Barber* v. *Barber*, 217 N. C., 422, 427, 8 S. E. (2d), 204, 208, the complainant had filed a petition and motion in the original cause stating that her husband was in arrears in the payment of the alimony ordered, and prayed that the amount of the arrears be determined by the court, and judgment entered in her favor for the amount. Defendant demurred on the ground that the petition alleged

a personal action in debt, and sought to recover a new judgment in debt, and submitted that relief could not be had by motion in the cause. The Supreme Court over-ruled this contention, as the lower court had done, and affirmed the judgment below for the amount of the past due installments. In speaking of the judgment rendered, however, the Court said:

"It is not a final judgment in the action, since both the plaintiff and the defendant may apply for other orders and for modifications of orders already made, which the court will allow as the ends of justice require, according to the changed conditions of the parties. The orders made from time to time are, of course, *res judicata* be-tween the parties, subject to this power of the court to modify them. The consolidation of the amounts due, when ascertained in one order or decree does not invest any of these orders with any other character than that which they originally had. If the defendant is in court only by reason of the original service of summons, he is in court only for such orders as, upon motion, are appro-priate and customary in the proceeding thus instituted. There is no reason why a judgment should not be rendered on an allowance for alimony, which is a debt—and more than an ordinary one. The Court below, in its sound dis-cretion, which is not ordinarily reviewable by this Court, under the motion of plaintiff in this cause can hear the facts, change of conditions of the parties, the present needs of support of any of the children, and, in its sound discretion, render judgment for what defendant owes under the former judgment and failed to pay and see to it that such judgment is given to protect plaintiff, and 'give diligence make her (your) calling and election sure.' "

The foregoing language of the North Carolina Court seems to stamp the judgment sued on as belonging to that class held not to be final by the Supreme Court in *Sistare* v. *Sistare,* and therefore not entitled to the protection of the full faith and credit clause of the Constitution of the United States.

Under the authority of *Sistare* v. *Sistare, supra,* therefore, and considering the nature of the judgment herein sued on as defined by the Supreme Court of North Carolina, we must conclude that the chancellor erred in his disposition of the matter.

The defendant has moved to dismiss the writ of error granted herein for the reason that it was granted more than two years after the chancellor rendered his opinion. However, the writ was granted within two years after the decree below was entered. Time runs against a writ of error from the date of the entry of the decree rather than from the ruling of the chancellor. *Smith* v. *Sprout* (Tenn. Ch. App.), 58 S. W., 376, affirmed by this Court.

Reversed and bill dismissed.