## BARBER *v.* BARBER.

No. 51. Argued November 9, 1944.—Decided December 4, 1944.

*Mr. C. W. K. Meacham,* with whom *Mr. J. Y. Jordan, Jr.* was on the brief, for petitioner.

*Mr. J. Clifford Curry* submitted for respondent.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

The question for decision is whether the Supreme Court of Tennessee, in a suit brought upon a North Carolina judgment for arrears of alimony, rightly denied full faith and credit to the judgment, on the ground that it lacks finality because, by the law of North Carolina, it is subject to modification or recall by the court which entered it.

In 1920 petitioner secured in the Superior Court of North Carolina for Buncombe County, a court of general jurisdiction, a judgment of separation from respondent, her husband. The judgment directed payment to petitioner of $200 per month alimony, later reduced to $160 per month. In 1932 respondent stopped paying the prescribed alimony. In 1940, on petitioner's motion in the separation suit for a judgment for the amount of the alimony accrued and unpaid under the earlier order, the Superior Court of North Carolina gave judgment in her favor. It adjudged that respondent was indebted to petitioner in the sum of $19,707.20, under its former order, that petitioner have and recover of respondent that amount, and "that execution issue therefor."

Petitioner then brought the present suit in the Tennessee Chancery Court to recover on the judgment thus ob-

tained. Respondent, by his answer, put in issue the finality, under North Carolina law, of the judgment sued upon, and the cause was submitted for decision on the pleadings and a stipulation that the court might consider as duly proved the records in two prior appeals in the North Carolina separation proceeding "upon the authority of which the judgment sued upon in the present case is predicated," and that the opinions of the Supreme Court of North Carolina upon these appeals, *Barber* v. *Barber*, 216 N. C. 232, 4 S. E. 2d 447; 217 N. C. 422, 8 S. E. 2d 204, should be "admissible in evidence to prove or tend to prove the North Carolina law."

The Tennessee Chancery Court held the judgment sued upon to be entitled to full faith and credit, and gave judgment for petitioner accordingly. The Supreme Court of Tennessee reversed on the ground that the judgment was without the finality entitling it to credit under the full faith and credit clause of the Constitution, Art. IV, § 1. 180 Tenn. 353, 175 S. W. 2d 324. We granted certiorari because of an asserted conflict with *Sistare* v. *Sistare*, 218 U. S. 1, and because of the importance of the issue raised. 322 U. S. 719.

The constitutional command is that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Article IV, § 1 of the Constitution also provides that "Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." And Congress has enacted that judgments "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." Act of May 26, 1790, c. 11, 1 Stat. 122, as amended, 28 U. S. C. § 687.

In *Sistare* v. *Sistare, supra,* 16–17, this Court considered whether a decree for future alimony, brought to a sister

state, was entitled to full faith and credit as to installments which had accrued, but which had not been reduced to a further judgment. The Court held that a decree for future alimony is, under the Constitution and the statute, entitled to credit as to past due installments, if the right to them is "absolute and vested," even though the decree might be modified prospectively by future orders of the court. See also *Barber* v. *Barber*, 21 How. 582. The *Sistare* case also decided that such a decree was not final, and therefore not entitled to credit, if the past due installments were subject retroactively to modification or recall by the court after their accrual. See also *Lynde* v. *Lynde,* 181 U. S. 183, 187.

The *Sistare* case considered the applicability of the full faith and credit clause, only as to decrees for future alimony some of the installments of which had accrued. The present suit was not brought upon a decree of that nature, but upon a money judgment for alimony already due and owing to the petitioner, as to which execution was ordered to issue. The Supreme Court of Tennessee applied to this money judgment the distinction taken in the *Sistare* case as to decrees for future alimony. It concluded that by the law of North Carolina the judgment for the specific amount of alimony already accrued, was subject to modification by the court which awarded it, that it was not a final judgment under the rule of the *Sistare* case, and therefore was not entitled to full faith and credit.

As we are of opinion that the Tennessee Supreme Court erroneously construed the law of North Carolina as to the finality of the judgment sued upon here, it is unnecessary to consider whether the rule of the *Sistare* case as to decrees for future alimony is also applicable to judgments subsequently entered for arrears of alimony. Compare *Lynde* v. *Lynde, supra,* 187, where this Court distinguished between a decree for arrears of alimony and one for future alimony, some of the installments of which had ac-

crued. See also *Audubon* v. *Shufeldt,* 181 U. S. 575, 577–578. For the same reason, it is unnecessary to consider whether a decree or judgment for alimony already accrued, which is subject to modification or recall in the forum which granted it, but is not yet so modified, is entitled to full faith and credit until such time as it is modified. Cf. *Levine* v. *Levine,* 95 Ore. 94, 109–113, 187 P. 609; *Hunt* v. *Monroe,* 32 Utah 428, 440, 91 P. 269; and compare *Milwaukee County* v. *White Co.,* 296 U. S. 268, 275–276, and cases cited.

We assume for present purposes that petitioner's judgment for accrued alimony is not entitled to full faith and credit, if by the law of North Carolina it is subject to modification. The refusal of the Tennessee Supreme Court to give credit to that judgment because of its nature is a ruling upon a federal right, and the sufficiency of the grounds of denial is for this Court to decide. *Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, 443, and cases cited. And in determining the applicable law of North Carolina, this Court reexamines the issue with deference to the opinion of the Tennessee court, although we cannot accept its view of the law of North Carolina as conclusive. This is not a case where a question of local law is peculiarly within the cognizance of the local courts in which the case arose. The determination of North Carolina law can be made by this Court as readily as by the Tennessee courts, and since a federal right is asserted, it is the duty of this Court, upon an independent investigation, to determine for itself the law of North Carolina. See *Adam* v. *Saenger,* 303 U. S. 59, 64, and cases cited.

We are thus brought to the question whether, by the law of North Carolina, the judgment which petitioner has secured in that state for arrears of alimony is so wanting in finality as not to be within the command of the Constitution and the Act of Congress. Our examination of the North Carolina law on this subject must be in the

light of the admonition of *Sistare* v. *Sistare, supra,* 22, that "every reasonable implication must be resorted to against the existence of" a power to modify or revoke installments of alimony already accrued "in the absence of clear language manifesting an intention to confer it." The admonition is none the less to be heeded when the debt has been reduced to a judgment upon which execution has been directed to issue.

Section 1667 of the North Carolina Consolidated Statutes (General Stats. of 1943, Michie, § 50–16), under which petitioner brought her suit for separation and alimony, provides that "If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with . . . necessary subsistence," she may maintain an action in the Superior Court to have a "reasonable subsistence" allotted and paid to her. It declares that "the order of allowance . . . may be modified or vacated at any time, on the application of either party or of any one interested."

This statute by its terms makes provision only for the modification of the "order of allowance," not of a judgment rendered for the amount of the unpaid allowances which have accrued under such an order. Nor does it state that the order of allowance may be modified retroactively as to allowances already accrued. The original North Carolina judgment ordering the payment of subsistence installments of alimony is not in the record, and we are not advised of its terms. Respondent places his reliance not on them, but upon the North Carolina law, apart from the terms of the decree, as providing for modification of such a judgment. But we are aware of no statute or decision of any court of North Carolina and none has been cited, to the effect that an unconditional judgment of that state for accrued allowances of alimony may be modified or recalled after its rendition. Indeed, we find no pronouncement of any North Carolina court

that before such a judgment is rendered, an order for future allowances may be modified or set aside with respect to allowances which have accrued and are due and owing.

The Supreme Court of Tennessee found no support in North Carolina statutes or judicial decisions for its conclusion that the North Carolina judgment for arrears of alimony is subject to such modification, other than a single paragraph of the opinion of the Supreme Court of North Carolina at an early stage of the suit which resulted in the judgment upon which suit was here brought.[1] But these remarks, as their context shows, appear to be addressed, not to the power of the court to modify or set aside a judgment for arrears of alimony, but to the authority conferred by N. C. Con. Stat. § 1667 upon the court in the suit for alimony to modify its previous order for the allowance of subsistence.

---

[1] The language quoted from *Barber* v. *Barber*, 217 N. C. 422, 427–28, is as follows:

"It is not a final judgment in the action, since both the plaintiff and the defendant may apply for other orders and for modifications of orders already made, which the court will allow as the ends of justice require, according to the changed conditions of the parties. The orders made from time to time are, of course, *res judicata*, between the parties, subject to this power of the court to modify them. The consolidation of the amounts due, when ascertained in one order or decree, does not invest any of these orders with any other character than that which they originally had. If the defendant is in court only by reason of the original service of summons, he is in court only for such orders as, upon motion, are appropriate and customary in the proceeding thus instituted. There is no reason why a judgment should not be rendered on an allowance for alimony, which is a debt—and more than an ordinary one. The court below, in its sound discretion, which is not ordinarily reviewable by this Court, under the motion of plaintiff in this cause can hear the facts, change of conditions of the parties, the present needs of support of any of the children and, in its sound discretion, render judgment for what defendant owes under the former judgment and failed to pay and see to it that such judgment is given to protect plaintiff, and 'give diligence to make her (your) calling and election sure.' "

Consistently with *Sistare* v. *Sistare, supra,* the passage points out that such an order is not final in the proceeding in which it is entered, but is subject to modification by further orders of the court. In this respect the North Carolina court was but following its own pronouncement in the first appeal in the separation proceeding, *Barber* v. *Barber, supra,* 216 N. C. 232, 234, and in numerous other decisions of that court. See *Crews* v. *Crews,* 175 N. C. 168, 173, 95 S. E. 149; *Anderson* v. *Anderson,* 183 N. C. 139, 142, 110 S. E. 863; *Tiedemann* v. *Tiedemann,* 204 N. C. 682, 683, 169 S. E. 422; *Wright* v. *Wright,* 216 N. C. 693, 696, 6 S. E. 2d 555. But it is quite another matter to say that past due installments may be modified, or that a judgment, not by its terms conditional and on which execution may issue, is subject to modification because the obligation for accrued alimony could have been modified or set aside before its merger in the judgment. And in fact the North Carolina Supreme Court has been at pains to indicate that such is not the case.

In considering whether the decree of another state for future alimony is entitled to full faith and credit, the North Carolina court recognizes that such faith and credit is required as to past due installments when it does not appear that they may be modified or revoked. And it interprets general provisions for modification of a decree directing future allowances of alimony as inapplicable to allowances which have become due and owing. Since its decision in *Barber* v. *Barber,* in the 217th N. C., it has held in *Lockman* v. *Lockman,* 220 N. C. 95, that such a decree in Florida is entitled to credit in North Carolina with respect to arrears in alimony. The court said, at page 103:

"The rule in North Carolina is that a judgment awarding alimony is a judgment directing the payment of money by the defendant, and by such judgment the defendant becomes indebted to the plaintiff for such alimony as it falls due, and when the defendant is in arrears in the pay-

ment of alimony, the Court may judicially determine the amount due and enter decree accordingly. It has no less dignity than any other contractual obligation. *Barber* v. *Barber*, 217 N. C. 422, 8 S. E. (2d) 204. In *Duss* v. *Duss*, 92 Fla. 1081, the obligation of the divorced husband to pay alimony was stated in language of similar import."

The Supreme Court of North Carolina thus has assimilated the law of North Carolina to that of Florida, under which it had just held that past due installments of alimony were not subject to modification. In this state of the law of North Carolina, we cannot say that past due installments under a decree for future alimony can be revoked or modified.

Still less can we say that a judgment for such installments can be so modified. The North Carolina Supreme Court said in the *Barber* case, 217 N. C. 422, 428: "There is no reason why a judgment should not be rendered on an allowance for alimony, which 'is a debt—and more than an ordinary one." And elsewhere in its opinion it said (page 427):

"A judgment awarding alimony is a judgment directing the payment of money by a defendant to plaintiff and, by such judgment, the defendant thereupon becomes indebted to the plaintiff for such alimony as it becomes due, and when the defendant is in arrears in the payment of alimony the court may, on application of plaintiff, judicially determine the amount then due and enter its decree accordingly. The defendant, being a party to the action and having been given due notice of the motion, is bound by such decree, and the plaintiff is entitled to all the remedies provided by law for the enforcement thereof."

We do not find in the language on which the Tennessee court relied any clear or unequivocal indication that the judgment for arrears of alimony, on which execution was directed to issue, was itself subject to modification or recall. True, as the opinion of the North Carolina court states, the judgment for arrears of alimony was not a final

judgment in the separation suit. As to future alimony payments not merged in the money judgment, the allotments ordered are, by the terms of the statute, subject to modification. But it would hardly be consistent with the court's statements, that accrued alimony is a debt for which a judgment may be rendered, that the defendant is bound by the judgment, and that "the plaintiff is entitled to all the remedies provided by law" for its enforcement, to say that the judgment may be modified or set aside by virtue of a statute which in terms merely authorizes modification of the order for payment of allowances.

The judgment of a court of general jurisdiction of a sister state duly authenticated is prima facie evidence of the jurisdiction of the court to render it and of the right which it purports to adjudicate. *Adam* v. *Saenger, supra,* 62, and cases cited. The present judgment is on its face an unconditional adjudication of petitioner's right to recover a sum of money due and owing which, by the law of the state, is a debt. The judgment orders that execution issue. To overcome the prima facie effect of the judgment record, it is necessary that there be some persuasive indication that North Carolina law subjects the judgment to the infirmity of modification or recall which is wanting here.

Upon full consideration of the law of North Carolina we conclude that respondent has not overcome the prima facie validity and finality of the judgment sued upon. We cannot say that the statutory authority to modify or recall an order providing for future allowances of installments of alimony extends to a judgment for overdue installments or that such a judgment is not entitled to full faith and credit.

*Reversed.*

Mr. Justice Jackson, concurring.

I concur in the result, but I think that the judgment of the North Carolina court was entitled to faith and

credit in Tennessee even if it was not a final one. On this assumption I do not find it necessary or relevant to examine North Carolina law as to whether its judgment might under some hypothetical circumstances be modified.

Neither the full faith and credit clause of the Constitution nor the Act of Congress implementing it says anything about final judgments or, for that matter, about any judgments. Both require that full faith and credit be given to "judicial proceedings" without limitation as to finality. Upon recognition of the broad meaning of that term much may some day depend.

Whatever else this North Carolina document might be, no one denies that it is a step in a judicial proceeding, instituted validly under the strictest standards of due process. On its face it is final and by its terms it awards a money judgment in a liquidated amount, presently collectible and provides "that execution issue therefor." Tennessee should have rendered substantially the same judgment that it received from the courts of North Carolina. If later a decree is made in North Carolina which modifies or amends its judgment, that modification or amendment will also be entitled to faith and credit in Tennessee.

Of course a judgment is entitled to faith and credit for just what it is, and no more. But its own terms constitute a determination by the rendering court as to what it is, and an enforcing court may not search the laws of the state to see whether the judgment terms are erroneous. Of course, if a judgment by its terms reserves power to modify or states conditions, a judgment entered upon it could appropriately make like reservations or conditions. No such appear in this judgment unless they are to be annexed to it by a study of the law of North Carolina. Any application for such relief should be addressed to the North Carolina court and not to the Tennessee

court nor to this one. The purpose of the full faith and credit clause is to lengthen the arm of the state court and to eliminate state lines as a shelter from judicial proceedings. This is defeated by entertaining a plea to review the support in state law for the judgment as it has been rendered, which is a delaying inquiry as has been shown by this case.