Ana Valdés Monagas, Plaintiff and Appellees, *v.* F. A. C.
Hastrup, Defendant and Appellant.

No. 8957.  Argued December 5, 1944.—Decided February 23, 1945.

*Edgar S. Belaval* for appellant. *Lionel Fernández Méndez* and *Juan A. Faría* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

Ana H. Valdés Monagas and F. A. C. Hastrup were married in 1906. In 1936 the former filed suit for a divorce on the ground of cruelty. While the divorce suit was pending, the parties filed a stipulation therein, agreeing, among other things, that in the event the divorce was granted, the husband would pay the wife alimony in the amount of $100 a month until the end of 1938, $150 a month until the end of 1939, and thereafter $200 a month until the death of either party or the remarriage of the wife. The stipulation specifically provided it was not to take effect unless approved in its entirety by the district court. The stipulation was approved by the lower court and incorporated in its judgment of February 5, 1938, granting the divorce. The complaint herein was filed by the wife on August 22, 1941, for $2,800 because of the failure of the husband to make the last fourteen monthly payments. After a trial on the merits, the district court entered judgment for $2,800, costs, and attorney's fees of $100 in favor of the plaintiff. The case is here on appeal from that judgment.

The appellant contends first that the lower court erred in overruling his special defense that there was a pending proceeding involving the same subject-matter between the same parties. This is predicated on a showing that contempt proceedings had been initiated within the divorce suit based on the same facts herein. We agree with the district court that contempt proceedings, brought to punish the defendant for failure to comply with the judgment of the court, cannot be interposed as a defense against the efforts of the wife to collect the payments in arrears. The nature of such a contempt proceeding as contradistinguished from a suit for collection was considered in an ex-

haustive opinion in *Villa* v. *District Court*, 45 P.R.R. 852. One right exists, the right of the wife to maintenance. Two methods of enforcement thereof are available. One is punishment by the state for failure to obey the judgment of the court; the other is suit by the wife for collection. Apart from the fact that the issues involved in the two cases are somewhat different,[1] to permit this contention to prevail would impair the powerful leverage of contempt proceedings to force payment in such cases. A wife would be unlikely to institute contempt proceedings if by doing so she was forced to rely solely thereon for payment, and thereby waived other means, such as suit and attachment of property, to insure collection. The law gives a wife under such circumstances two means to compel obedience to the judgment of the court. She is entitled to pursue either or both. We know of no principle as to pending suits, *res judicata* or related doctrines which gives the husband the choice of going to jail for contempt, thereby preventing the use by the wife of civil remedies otherwise available to her to effect actual collection.[2]

■ The appellant next attacks the judgment in the divorce suit, insofar as it provided for payment of a monthly sum by the husband to the wife as alimony, as null and void. The first ground for this contention is that after the judgment of divorce had been entered, the husband had no property. The appellant relies on *Frías* v. *Hernández*, 35 P.R.R. 636, in which we held that pursuant to § 109 of the Civil Code permanent alimony can be awarded only out of property, and not from income produced by personal earnings.[3]

---

[1] " . . . no person sentenced to pay alimony should be imprisoned unless a wilful and contumacious disobedience to the order of the court is shown." (*Villa* v. *District Court, supra,* p. 871.) On the other hand only failure to make the payments need be shown to recover judgment herein.

[2] Cf. *Municipality* v. *Ríos,* 61 P.R.R. 98; *Laloma* v. *Fernández,* 61 P.R.R. 550. *Vázquez* v. *Santos,* 54 P.R.R. 587, 593; cases collected in *People* v. *Lugo, ante,* p. 529.

[3] To the same effect, *Planas* v. *Chambers, ante,* p. 53.

But there is nothing in the *Frías* case to the effect that a husband can assert by way of defense to an independent suit for payments in arrears under a final judgment from which he took no appeal that the original judgment was void because he owned no property when the said judgment was entered. If he had chosen, the defendant could have raised in the original suit the issue of fact that he owned no property and therefore could not be required to support his wife after divorce. Instead, the defendant agreed by stipulation to the entry of a judgment providing for such support. And after the judgment was entered he asquiesced therein and made a number of payments pursuant thereto. There is no occasion for us to determine here whether, once having stipulated to the terms thereof, the husband may nevertheless move within the original divorce suit for modification of the terms of the judgment for the reasons he now gives as to the facts involving his property. We hold only that in the independent suit for collection now before us a collateral attack alleging nullity of a provision for support in a divorce judgment entered by consent in a case in which the lower court had jurisdiction will not lie under the circumstances of this case. (See *Ex parte Morales,* 17 P.R.R. 1004, 1006; *Lókpez* v. *Fernández,* 61 P.R.R. 503.)

The appellant advances a second ground to sustain this contention that the judgment for alimony is null and void. His theory here is that the stipulation was invalid because it was a contract between husband and wife, citing *Delgado* v. *Monroig,* 57 P.R.R. 462. But that case involved only the right of the spouses while a divorce suit was pending to make a private contract disposing of the community property. This Court affirmed a judgment dismissing a complaint filed by the husband after divorce for specific performance of the said agreement. We held that such a contract was specifically inhibited under those circumstances by the provisions of § 1347 of the Civil Code.

Whether the stipulation between the husband and wife herein is a contract and if so, whether it is null and void, presents a wholly different question. Certainly the provisions of § 1347 do not apply thereto. In any event, we are not required to answer that question in this case. What is being assailed here is not the stipulation of the parties, but the judgment of the district court. But the alleged obligation and the stipulation recognizing it became merged in the judgment (*Bird* v. *Roig*, 21 P.R.R. 387; *Rosario* v. *Ruiz*, 62 P.R.R. 310; see *People* v. *Lugo, supra; Pope* v. *United States,* 323 U. S. 1, decided Nov. 6, 1944). As we have seen, the district court had jurisdiction to enter a judgment providing for alimony for the wife. The judgment is therefore not void, and for reasons already given cannot be attacked collaterally. Whether the way is still open for the husband to modify the divorce judgment by a proceeding within that case does not concern us here.

█ The appellant also assigns as error the fact that the lower court rejected his contention that the complaint failed to state facts sufficient to constitute a cause of action. His first point here is that as ordinary action does not lie in Puerto Rico for collection of money due under a judgment. It may be readily conceded that such a suit is unnecessary in the ordinary case; collection may be effected simply by execution on the original judgment. But although it may seem like a useless formality, this Court has permitted such suits in the past. (*Tettamauzi et al.* v. *Zeno,* 24 P.R.R. 724; *Candal* v. *Pierluisi et al.,* 28 P.R.R. 564.)

We can appreciate the reasons why counsel for the wife felt uncertain as to whether she was entitled to execution on the original judgment. (See *Barber* v. *Barber,* 323 U. S. 77, decided Dec. 4, 1944.) In any event, while it may not have been necessary for the wife to file the independent suit herein, we are unable to see in what way the appellant is prejudiced by permitting that course to be followed here.

574

■ The other ground of the aforesaid demurrer alleging that the facts set up in the complaint were insufficient was that an independent suit does not lie because the original judgment lacked finality, since such an award is always subject to modification by the court. The short answer to that argument is that under the majority rule found in continental United States this power of modification extends only to future support, and not to past payments in arrears. Annotation, 93 A.L.R. 331; *Barber* v. *Barber, supra; Sistare* v. *Sistare,* 248 U. S. 1; *Adair* v. *Superior Court,* 33 P.(2) 995 (Ariz., 1934). Our statute was copied from Louisiana, which follows the majority rule. *Snow* v. *Snow,* 177 So. 793 La., 1937); *Cotton* v. *Wright,* 190 So. 665 (La., 1936).

■ Finally, the appellant alleges that the wife was required to prove that she had not remarried before the payments in question had become due, and that she had failed to do so. We assume that she was required to make such a showing. But we think she met this burden. It is true that the only testimony on this point came from her brother-in-law, who testified that he visits New York, where the plaintiff lives, once a year; that she lives with her daughter; and that he knows that she is single. The witness testified on cross-examination that he had not seen the plaintiff for a year and two months. The defendant presented no evidence whatsoever on this question. But we are unable to see how this forces us to conclude that the plaintiff had remarried. It might have been more desirable if the deposition of the plaintiff and others in New York had been taken. But we find nothing in the record which entitles us to disturb the finding of **the lower court, based on** competent testimony, that the plaintiff had not remarried.

The judgment of the district court will be affirmed.