**ROYAL INDEMNITY COMPANY OF NEW YORK, Appellant,**

v.

**Elizabeth M. TRIGG et vir, Appellees.**

**No. 11506.**

Court of Civil Appeals of Texas.

Austin.

May 31, 1967.

Rehearing Denied June 28, 1967.

House, Mercer, House & Brock, John C. Wilson, Austin, for appellant.

No brief filed by appellees.

HUGHES, Justice.

This suit was instituted by Elizabeth M. Trigg and husband A. T. Trigg against James L. Nutt, Sheriff of Bastrop County and the surety on his official bond, Royal Indemnity Company of New York, appellant, and others not necessary to name, for damages for alleged wrongful eviction from real property occupied by appellees, Mrs. Trigg owning a life estate therein. Trial was to a jury. Upon its verdict, judgment was rendered, January 28, 1966, in favor of appellees for $1650.00 against all defendants.[1]

J. L. Nutt, Sheriff, and defendant George Blakemore, timely filed motions for a new trial. Appellant filed a motion for new trial February 10, 1966.

On April 8, 1966, the trial court entered an order granting the motions for a new trial filed by Sheriff Nutt and Mr. Blakemore but overruling the motion filed by appellant, the court reciting in its order that the motion of appellant was not filed within ten days after entry of judgment and that more than thirty days from entry of judgment had then elapsed and that "this Court has lost jurisdiction as to said Defendant."

Appellant made no effort to appeal from the judgment entered in January, 1966, and it made no effort to appeal from the order entered April 8, denying its motion for a new trial.

On May 2, 1966, appellant filed a motion in the court below to vacate the judgment rendered against it on January 28, 1966, on the ground that it was void. This motion was overruled by an order entered September 1, 1966. The court filed findings of fact consistent with the facts herein stated and legally concluded that, "The judgment in question is not void, and the relief sought by the defendant Indemnity Company through its Motion to Vacate is therefore not available to it."

It is from the order overruling the motion to vacate the judgment that appellant appeals.

There is no brief for appellees.

▮ It is our opinion that the trial court correctly overruled appellant's motion to vacate the judgment.

Rule 329b, Sec. 5, T.R.C.P., provides, in part, that, "Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for a new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law."

This provision of Rule 329b was thoroughly considered in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706. It was

---

1. See Trigg v. Blakemore, 387 S.W.2d 465, Tex.Civ.App., Austin, writ ref., n.r.e.

**186**

contended there that the default judgment from which relief was sought was void and that it could be vacated on motion at any time. The court, however, held that if the judgment complained of was a judgment which the court rendering it had jurisdictional power to render then, time for appeal or writ of error proceedings, if applicable, having expired, relief could be had only by a bill of review as stated in the Rule.

The suit filed by appellees was certainly a suit which the trial court had power to determine. It was within the class of cases of which that court had jurisdiction. It was a suit for damages in excess of $500.00. Art. 1906, Vernon's Ann.Tex.Civ.St.

■ We, therefore, hold that the exclusive method of obtaining relief from the judgment rendered against appellant is by bill of review.

■ There is no contention made here that the motion to vacate meets the requirements for a bill of review. Nor could such contention be successfully made since the motion affirmatively pleads appellant's lack of diligence in seeking a new trial. In McEwen, supra, the Court stated that if a defendant negligently permits a judgment rendered against him by a Court having jurisdictional power to render it "to become final, he should not be heard to say that the judgment is void."

The order of the trial court from which this appeal is taken is affirmed.

ON MOTION FOR REHEARING.

■ We cannot agree with appellant that a judgment rendered against a surety alone and despite the provisions of Arts. 1986, 1987, 2088, V.T.C.S. and Rules 31 and 163, T.R.C.P. is void. There are circumstances under which a judgment may be rendered against a surety without judgment being taken against the principal. Art. 2088, supra, Reed v. Buck, 370 S.W.2d 867, Tex. Sup.

Lack of jurisdiction and improper exercise of jurisdiction are vitally different concepts. A court having jurisdiction has the power to determine a cause rightfully or wrongfully. 15 Tex.Jur.2d, Courts, Sec. 50, p. 475.

■ We are disturbed here because the record clearly establishes that no final judgment has been rendered in this case. A judgment to be appealable must dispose of all issues and parties. North East Independent School District v. Aldridge, 400 S.W.2d 893, Tex.Sup.Ct. Only when a final judgment has been rendered and properly appealed will this Court be authorized to review it.

■ We were careful to note in our original opinion that we only affirmed the order of the trial court refusing to set aside the judgment against appellant. This ruling applies only to the method employed by appellant to attack such judgment. We did not intend to preclude appellant from interposing any defense it may have in this suit or to complain after a final judgment has been rendered.

The motion is overruled.