Elizabeth M. TRIGG et vir, Appellants,

v.

ROYAL INDEMNITY COMPANY OF
NEW YORK, Appellee.

No. 11834.

Court of Civil Appeals of Texas,
Austin.

May 26, 1971.

M. W. Plummer, Houston,' for appellants.

House, Mercer, House & Brock, John C. Wilson, Austin, for appellee.

SHANNON, Justice.

Appellants, Elizabeth Trigg and husband, A. T. Trigg, appeal from an order of the District Court of Bastrop County overruling appellants' "Motion to Dissolve Order to Quash a Writ of Execution."

We affirm the order of the trial court.

The procedural history of this matter follows. Appellants filed suit for damages alleging wrongful eviction against J. L. Nutt, the Sheriff of Bastrop County, his bonding company, Royal Indemnity Company of New York, appellee herein, George Blakemore and four other defendants, who never filed answers. The case was tried to a jury, and after verdict, judgment for $1,650.00 was entered on January 28, 1966

in favor of appellants. On April 8, 1966, the court granted motions for new trial of the Sheriff and Blakemore, but denied the motion for new trial of Royal Indemnity Company of New York. Royal Indemnity Company of New York perfected its appeal to this Court, Royal Indemnity Company of New York v. Trigg, 417 S.W.2d 184 (1967, writ ref., n. r. e.). In its opinion this Court in response to the motion for rehearing observed:

"We are disturbed here because the record clearly establishes that no final judgment has been rendered in this case. A judgment to be appealable must dispose of all issues and parties. North East Independent School District v. Aldridge, 400 S.W.2d 893, Tex.Sup.Ct. Only when a final judgment has been rendered and properly appealed will this Court be authorized to review it.

We were careful to note in our original opinion that we only affirm the order of the trial court refusing to set aside the judgment against appellant. This ruling applies only to the method employed by appellant to attack such judgment. We did not intend to preclude appellant from interposing any defense it may have in this suit or to complain after a final judgment has been rendered."

There has been no severance of appellants' cause against Royal Indemnity Company from their cause against the Sheriff and Blakemore.

On December 7, 1967, appellants applied to the District Clerk of Bastrop County for a writ of execution against Royal Indemnity Company of New York. On March 18, 1968, the District Court entered an order granting Royal Indemnity Company of New York's Motion to Quash Appellants' Writ of Execution. In September of 1970 appellants filed a "Motion to Dissolve Order to Quash Writ of Execution," which was denied by the District Court on October 30, 1970, this denial being the basis of this appeal.

 

The judgment upon which appellants based their attempted issuance of the writ of execution is not final, Royal Indemnity Company of New York v. Trigg, supra, and a writ of execution can be issued only if the judgment upon which it is based is final. Gathings v. Robertson, 276 S.W. 218 (Tex.Comm.App.1925), Busby v. Schrank, 174 S.W. 295 (Tex.Civ.App.1915, no writ).

We affirm the order of the trial court.

Affirmed.