**Ralph WILLIAMS, Individually and Ralph Williams, Inc., Appellant,**

v.

**The STATE OF WASHINGTON, Appellee.**

**No. 19452.**

Court of Civil Appeals of Texas, Dallas.

April 19, 1978.

Rehearing Denied May 2, 1978.

Jerry N. Jordan, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, for appellant.

David R. Snodgrass, Wynne & Jaffe, Dallas, for appellee.

ROBERTSON, Justice.

On Motion for Rehearing, our original opinion is withdrawn and the following opinion substituted therefor.

The State of Washington sued Ralph Williams, individually and Ralph Williams, Inc. seeking to enforce a judgment rendered in the State of Washington under the Washington Consumer Protection Act. The judgment provided for the recovery of civil penalties and attorney's fees in favor of the state. Both parties filed motions for summary judgment in the Texas trial court, and the court granted the State of Washington's motion and rendered summary judgment against Williams. Williams now appeals from that judgment. Since we conclude that the Washington judgment is not final for the purpose of Full Faith and Credit under the United States Constitution, we reverse and render.

The crucial portion of the Washington judgment is paragraph "I," which provides:

*Jurisdiction is retained* for the purpose of enabling either party to this judgment and decree to apply to the court at any time for the enforcement of compliance therewith, the punishment of violations thereof, or *modification or clarification thereof.* [Emphasis added]

This section follows the various dispositive paragraphs of the judgment, which (1) enjoin the defendants from engaging in certain categories of consumer violations (2) order restitution of monies or property to consumers under such "further orders and judgments" as the court deems necessary (3) establish penalties against each defendant for $279,000, together with further penalties of $10,250 against each party, and (4) award costs, including attorney's fees of $389,258.20.

■ As we read paragraph "I," the Washington trial court retains jurisdiction to modify any or all of the dispositions set forth above. It is true that a trial court's retention of jurisdiction to modify its *injunctive* relief does not normally affect the finality of the decree, *Stovall v. Banks*, 10 Wall. 583, 19 L.Ed. 1036 (1870); *City of Tyler v. St. Louis Southwestern Ry. Co. of Texas*, 405 S.W.2d 330 (Tex.1966); however, the jurisdictional retention in this case is not limited to the injunctive portions of the judgment. From its positioning in the judgment (following *all* the dispositive sections) paragraph "I" appears to relate to *all* of the foregoing sections. Moreover, in view of the large penalties and attorneys' fee imposed on the defendants, it would be reasonable for the Washington trial court to retain jurisdiction to modify the penalty sums so as to insure the effectiveness of its restitutionary orders. If all of the defendants' assets were exhausted by payment of penalties and attorney's fees to the State of Washington, the court's orders regarding restitution to individual consumers would be useless. Since we have determined that the Washington trial court has retained jurisdiction to modify any or all portions of its judgment, we must next decide whether such a judgment is final for the purposes of Full Faith and Credit.

■ It is established that Full Faith and Credit is not required when a decree is subject to modification under the law of the rendering state. *Sistare v. Sistare*, 218 U.S. 183, 187, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *Hicks v. Hefner*, 210 Kan. 79, 499 P.2d 1147,

1151 (1972); *Robertson v. Cason*, 203 So.2d 742, 745 (La.App.1967); *cf. Barber v. Barber*, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944) (holding that judgment was "final" under laws of rendering state and this entitled to Full Faith and Credit). As we have noted above, the face of this judgment indicates that it is subject to modification. The State of Washington argues, however, that this judgment has been "finalized" through affirmance on appeal in that state. We cannot accept this contention. We recognize that, as a general rule under Washington law, appellate affirmance operates to make the trial court's judgment the judgment of the appellate court, and the trial court thus cannot modify or vacate its judgment in contravention of the appellate court's mandate, *In re Shilshole Ave. in City of Seattle*, 101 Wash. 136, 172 P. 338 (1918); however, this is not a principle of "finalization," for affirmance only *effectuates the original judgment.* Stated another way, affirmance places the parties in exactly the same position as if there had been no appeal, and the trial court retains all powers originally reserved in its judgment. *See Texas Trunk R. R. v. Jackson*, 85 Tex. 605, 22 S.W. 1030, 1031 (1898); *McWilliams v. McWilliams*, 531 S.W.2d 392, 394 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ). Thus, affirmance does not preclude the trial court from modifying its judgment, so long as modification is allowed under the terms of the original judgment. We have found no Washington authorities that indicate a contrary interpretation of this rule applies in that jurisdiction. The cases cited by the State of Washington either deal with situations where the trial court had rendered a non-modifiable judgment, *see Rajewski v. Dart*, 51 Wash.2d 52, 315 P.2d 636 (Wash. App.1957), or simply enunciate the general rule that a trial court is bound by the appellate court's mandate. *See In re Shilshole Ave. in City of Seattle, supra.* Therefore, we must presume that the laws of Washington and Texas are in accord on this point, *Commonwealth of Mass. v. Davis*, 140 Tex. 398, 168 S.W.2d 216 (1942); *Harris v. Harris*, 403 S.W.2d 445, 447 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.) and hold that the judgment of the Washington trial court remains subject to modification, and is hence not entitled to Full Faith and Credit.

The State of Washington next urges that, under Washington law, an appellate court is presumed to determine its jurisdiction before it decides the merits of the appeal. According to this argument, we should presume that the Washington appellate courts held this judgment to be final before they rendered their judgments. We cannot agree, for this contention incorrectly presumes that a judgment which is final for the purposes of appeal in the rendering state is necessarily final for the purposes of Full Faith and Credit. Finality for the purpose of Full Faith and Credit is not determined by whether the judgment is final for appellate purposes; rather, the question under Full Faith and Credit is whether the judgment is subject to *modification* under the law of the rendering state. *See Sistare v. Sistare, supra; Robertson v. Cason, supra; Hicks v. Hefner, supra.* Accordingly, even assuming that a modifiable judgment may be final for appeal purposes under Washington law, it is not final for the purposes of Full Faith and Credit.

Although the State of Washington also urges that the judgment should be enforced on the basis of "comity" between states, we decline to do so. In Texas, even *domestic* judgments cannot be enforced by execution unless they dispose of all claims and parties involved in the litigation, *Trigg v. Royal Indemnity Company of New York*, 468 S.W.2d 468, 469 (Tex.Civ.App.—Austin 1971, no writ); *McMillan v. McMillan*, 67 S.W.2d 342 (Tex.Civ.App.—Dallas 1933, no writ). A foreign judgment cannot be accorded greater dignity than a similar Texas judgment.

Reversed and rendered.