STATE OF WASHINGTON, Petitioner,

v.

Ralph WILLIAMS, Individually and Ralph Williams, Inc., Respondent.

No. B-7661

Supreme Court of Texas.

Jan. 10, 1979.

Rehearing Denied Feb. 7, 1979.

Wynne & Jaffe, David R. Snodgrass, Dallas, for petitioner.

Turner, Rodgers, Sailers, Jordan & Calloway, Jerry N. Jordan, Dallas, for respondent.

BARROW, Justice.

The State of Washington brought this suit in Dallas County against Ralph Williams and Ralph Williams, Inc. seeking to enforce a judgment rendered in Washington for civil penalties and attorney's fees under the Washington Consumer Protection Act. The trial court granted Washington State's motion for summary judgment. The court of civil appeals concluded that the Washington judgment is not final for the purpose of full faith and credit under the United States Constitution, reversed the trial court judgment and rendered judgment that Washington State take nothing by this suit. 566 S.W.2d 54. We reverse the judgment of the court of civil appeals and remand the cause to that court.

Washington State brought this suit in the Superior Court of King County, Washington seeking an injunction, civil penalties, costs and attorney's fees relative to the injunctive cause of action, and to obtain orders requiring Williams to restore monies or property to consumers allegedly victimiz-

ed by violations of the Consumer Protection Act. Judgment was rendered on December 9, 1974, following a nine-week trial before the court. This judgment is twenty-seven pages long and the decretal portions thereof consist essentially of the following lettered paragraphs set out below, the crucial one of which is "I", copied verbatim:

A. Describes to whom the injunctive portions apply.

B. Details the injunctive relief.

C. Orders restoration of monies or property to consumers with further orders or judgments as the court deems necessary.

D. Permits consumers (not parties) to pursue other remedies.

E. Assesses costs including attorney's fee of $389,258.20 against defendants.

F. Assesses civil penalties of $279,000 for violations committed by each defendant.

G. Assesses civil penalties for violations against Ralph Williams, Inc., and Ralph Williams' Northwest Chrsyler-Plymouth, Inc.[1] each for $10,250.

H. (Deleted from judgment prior to entry.)

"I. *Jurisdiction is retained for the purpose of enabling either party to this Judgment and Decree to apply to the court at any time for the enforcement of compliance therewith, the punishment of violations thereof, or modification or clarification thereof.*" (Emphasis added)

J. Dismisses proceeding in all other respects and enters decree under RCW 19.86.080.

The superior court judgment was appealed by Ralph Williams' Northwest Chrysler-Plymouth, Inc., Ralph Williams, Inc., and Ralph Williams on all points and Washington State appealed on one cross-point. The Supreme Court of Washington affirmed the judgment regarding the appeal by Williams and reversed and remanded with instructions as to Washington State's cross appeal. 87 Wash.2d 298, 553 P.2d 423 (1976). On November 8, 1976 the superior court amended the judgment pursuant to the opinion of the Washington Supreme Court to include an additional injunctive provision and to allow attorney's fees for the appeal. No appeal was perfected from this amended trial court judgment.

■ The general rule is that a judgment rendered by a court of one state is, under the full faith and credit clause of the United States Constitution and the Act of Congress enacted pursuant thereto, entitled to recognition, force or effect, and full faith and credit in the court of another state, to the same extent as it has by law or usage in the courts of the state where the judgment was rendered. *Sistare v. Sistare,* 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *Garman v. Reynolds,* 284 S.W.2d 262 (Tex.Civ.App.—Fort Worth 1955, writ ref'd); 47 Am.Jur.2d *Judgments* § 1218; 34 Tex.Jur.2d *Judgments* § 336. It is well established, however, that full faith and credit is not required when a decree is subject to modification under the law of the rendering state. *Barber v. Barber,* 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944); *Sistare v. Sistare, supra; Hicks v. Hefner,* 210 Kan. 79, 499 P.2d 1147 (1972); *Cutler v. Cutler,* 543 S.W.2d 1 (Tex. Civ.App.—Dallas 1976, writ ref'd n. r. e.).

■ The court of civil appeals held that by virtue of Paragraph "I" the Washington trial court retained jurisdiction to modify all of the dispositions contained in the judgment and, therefore, it was not a final judgment. Washington State asserts that the clear intent of Paragraph "I" is that it applies only to the injunctive provisions of the judgment and therefore does not affect its finality. *See Stovall v. Banks,* 77 U.S. (10 Wall.) 583, 19 L.Ed. 1036 (1870); *City of Tyler v. St. Louis Southwestern Ry. Co. of Tex.,* 405 S.W.2d 330 (Tex.1966).

It is clear that the trial court intended that the judgment be a final judgment in all respects save the claims of consumers which were severed as permitted by Rule

---

1. Ralph Williams' Northwest Chrysler-Plymouth, Inc. is not a party to this appeal.

54(b) of the Washington Civil Rules.[2] The court expressly so provided in the opening paragraph of the judgment and decree:

"[T]hat there is no just reason for delay in entry of a final judgment as to all parties and issues in this action except those relating to procedures for, and final judgment of, restoration to all consumers who may have been harmed as a result of defendants' acts, unlawful practices and conduct, and the court having directed entry of a Judgment and Decree as contained herein to all other issues and parties; NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS: . . . ."

Furthermore, it is clear from the opinion of the Washington Supreme Court that all parties as well as that court considered the judgment of the trial court as final. Nowhere in the brief filed by Williams in that court is there any contention that the judgment was not final. To the contrary, Williams even unsuccessfully sought relief from the judgment in the United States Supreme Court thereby asserting that all state remedies had been exhausted.

What then is the purpose and meaning of Paragraph "I" of the judgment, particularly the inclusion of the word "modification" therein? The court of civil appeals reasoned that the trial court desired to retain jurisdiction to modify the penalty sums so as to insure the effectiveness of the court's orders regarding restitution to individual consumers. There is nothing in the record to suggest the trial court had such an intent. Furthermore, such a construction would nullify and render meaningless the trial court's self-styled final judgment if that court retained jurisdiction to undo and change the entire judgment. There would have been no purpose in assessing the penalties and costs against Williams if the trial court retained jurisdiction to consider changing them at some time in the future, nor would there have been any purpose in an expensive appeal complaining in part of these penalties.

It is our opinion that when Paragraph "I" is considered in its full context, the word "modification" has reference only to the injunctive provisions of the decree. By Paragraph "I", the trial court retained jurisdiction to: (1) enforce compliance; (2) punish violations; and (3) modify or clarify. The first two provisions refer to the post-judgment activities of enforcement and punishment which could only apply to the injunctive provisions. The third provision also applies to post-judgment activities of the injunctive provision when the judgment is read in its entirety. The judgment enjoins twenty-four separate acts and it is reasonable to anticipate that the injunctive language could require modification or clarification from time to time to insure carrying out the trial court's intentions. By retaining jurisdiction to modify or clarify these injunctive provisions, the trial court did not affect the finality of the other provisions of the judgment. *State v. Stublefield,* 36 Wash.2d 664, 220 P.2d 305 (1950). Such a construction of Paragraph "I" harmonizes rather than defeats the expressed intent of the trial court to render a final judgment. *See State v. Starley,* 413 S.W.2d 451 (Tex.Civ.App.—Corpus Christi 1967, no writ).

We conclude that the Washington judgment sought to be enforced in the District Court of Dallas County is a final judgment under the laws of Washington State and is therefore entitled to full faith and credit. The judgment of the court of civil appeals is reversed and the cause is remanded to that court for consideration of the other points of error raised by Williams.

SPEARS, J., not sitting.

---

2. Rule 54(b) of the Washington Civil Rules for Superior Courts provides in part:

"When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, that there is no just reason for delay and upon an express direction for the entry of judgment."