Neal v. Neal

---

---

CATHERINE B. NEAL v. DAVID WAYNE NEAL

No. 8310DC653

(Filed 7 August 1984)

Divorce and Alimony § 23.5— visitation rights—child in another state—jurisdiction

Where the parties and their minor child were residents of Wake County when the trial court entered its order which awarded custody to defendant, made no provision for plaintiff's visitation, and reserved the right to determine plaintiff's visitation later when her health improved and she petitioned the court, the Wake County District Court had jurisdiction to consider plaintiff's motion for the allowance of visitation rights filed 4½ years later at a time when defendant and the minor child lived in Georgia.

APPEAL by defendant from *Bullock, Judge.* Order entered 30 March 1983 in District Court, WAKE County. Heard in the Court of Appeals 10 April 1984.

Neal v. Neal

The parties, married in 1974 and separated in 1979, have one child and this action was brought for his custody and support. When the action was filed, plaintiff had actual custody and both parties and the child were Wake County residents; and by answer defendant admitted that both parties were fit to have custody and visitation. Following a hearing, an order was entered on 11 September 1979 awarding custody to defendant; but the order made no provision for plaintiff's visitation, which was left for determination later because of certain physical and emotional ailments that she then had and was being treated for. The order provided as follows:

> 2. That this cause is retained for further Orders of this Court in regard to visitation with said minor child by the Plaintiff and the Plaintiff may petition the Court at any time for specific visitation.

In July, 1980, defendant and the child moved to Georgia where they have lived ever since. On 16 February 1983, by motion, plaintiff asked the court to enter an order establishing her visitation privileges. Defendant moved to dismiss plaintiff's motion for lack of jurisdiction, and appealed from an order denying his motion.

*Marshall & Solomon, by William E. Marshall, for plaintiff appellee.*

*Ragsdale, Kirschbaum & Day, by William L. Ragsdale and Kathy A. Klotzberger, for defendant appellant.*

PHILLIPS, Judge.

The sole question presented for determination is whether the Wake County District Court has jurisdiction to consider plaintiff's motion for the allowance of visitation with her child. Obviously, it has. Authorizing visitation by a parent is part of the child custody awarding and controlling process; and that the court had jurisdiction when it awarded defendant custody of the child and reserved the right to determine plaintiff's visitation later is self-evident, and not disputed. Defendant's contention that the jurisdiction of the court was lost when he and the child moved to Georgia is without merit. Jurisdiction once acquired is generally not divested by subsequent events. 21 C.J.S. *Courts* § 93 (1940). "For once jurisdiction of a court attaches it exists for all time until the

cause is fully and completely determined." *Kinross-Wright v. Kinross-Wright*, 248 N.C. 1, 11, 102 S.E. 2d 469, 476 (1958); *also In re Peoples*, 296 N.C. 109, 250 S.E. 2d 890 (1978), *cert. denied*, 442 U.S. 929, 61 L.Ed. 2d 297, 99 S.Ct. 2859 (1979). Since this principle applies even in the absence of an express reservation of power by the court to complete a determination undertaken, we certainly cannot hold that the principle is unavailable where the power to complete the adjudication was expressly reserved. Furthermore, defendant having obtained custody of the child by the very order that reserved unto the court the power to consider plaintiff's visitation motion, he is estopped to deny the court's jurisdiction to comply therewith; since no action concerning the child is pending in Georgia, requiring plaintiff to file suit there now in order to visit her child would unnecessarily multiply litigation, which the law does not favor; and the court, having expressly invited plaintiff to petition for visitation privileges when her health improved, should keep its commitment, even as litigants are required to do.

*Holland v. Holland*, 56 N.C. App. 96, 286 S.E. 2d 895 (1982), strongly relied upon by defendant, has no application. In that case, which involved an original custody application for a child that had lived out-of-state for six years, the only basis for jurisdiction was the Uniform Child Custody Jurisdiction Act, G.S. 50A-1, *et seq.*, the conditions of which were not met for the reasons set out in the court's opinion. Whereas, in this case, the court unquestionably had custody jurisdiction from the filing of the action onward under G.S. 7A-244 and G.S. 50-13.1, *et seq.* and while so endowed with jurisdiction expressly reserved the power to consider the request that has now been made.

Affirmed.

Judges HEDRICK and ARNOLD concur.