BARBARA G. HALE v. GEORGE HALE

No. 8418DC599

(Filed 19 March 1985)

1. **Appeal and Error § 6.3— denial of motion to dismiss—lack of subject matter jurisdiction—no immediate appeal**

   In a motion in the cause for increased alimony, defendant's appeal from the denial of his Rule 12(b)(1) and (2) motions to dismiss a portion of plaintiff's claim for lack of jurisdiction involved only personal jurisdiction, since G.S. 1-277(b), which provides immediate appeal from adverse rulings on jurisdiction, does not apply to motions seeking dismissal for lack of subject matter jurisdiction.

2. **Appearance § 1.1; Divorce and Alimony § 19.1— consent judgment—general appearance**

In a motion in the cause for increased alimony in which defendant, a Texas resident, had previously signed a consent judgment, the court did not err in denying defendant's motion to dismiss for lack of personal jurisdiction. When defendant signed a 1978 consent judgment, he made a voluntary appearance in the matter and thus consented to North Carolina jurisdiction; once jurisdiction attaches, it exists until the cause is fully and completely determined.

APPEAL by defendant from *Daisy, Judge.* Order entered 8 May 1984 in District Court, GUILFORD County. Heard in the Court of Appeals 11 March 1985.

This is a motion in the cause for an increase in alimony. On 18 October 1978, plaintiff and defendant entered into a consent judgment which awarded to plaintiff $125.00 per month as permanent alimony. On 15 March 1984, plaintiff filed this motion to have the court consider, among other things, the defendant's military retirement pension in awarding an increase. Defendant filed a motion to dismiss this action pursuant to Rule 12(b)(1) and 12(b)(2), asserting that the North Carolina courts are precluded from considering his retirement pay unless certain jurisdictional prerequisites, contained in the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. Sec. 1408 (1983), are met. Judge Daisy denied defendant's motion to dismiss this cause for lack of jurisdiction. Defendant appealed.

*Gabriel, Berry, Weston & Weeks, by M. Douglas Berry, for plaintiff, appellee.*

*Forman, Hall & Marth, P.A., by Paul E. Marth, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] In his only assignment of error defendant asserts that the court erred as a matter of law in denying his motion to dismiss a portion of plaintiff's claim for lack of jurisdiction. G.S. 1-277(b) provides that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant. . . ." This section does not apply to orders denying motions made pursuant to G.S. 1A-1, Rule 12(b)(1) seeking dismissal for lack of subject

matter jurisdiction. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E. 2d 182 (1982). Therefore, we need only decide whether our courts can properly assert personal jurisdiction over defendant.

[2] Defendant's contention that the court lacks jurisdiction over him is untenable. Jurisdiction over the person of a defendant is obtained by service of process upon him, by his voluntary appearance, or consent. *In re Peoples*, 296 N.C. 109, 250 S.E. 2d 890 (1978). When defendant signed the 1978 consent judgment, he made a voluntary appearance in the matter and thus consented to our jurisdiction.

In *Barber v. Barber*, 216 N.C. 232, 4 S.E. 2d 447 (1939), plaintiff wife obtained judgment against defendant husband for subsistence without divorce, and the defendant subsequently became a nonresident of the state. The plaintiff filed a motion in the prior cause, and the defendant moved to dismiss for lack of jurisdiction. The question presented was whether the defendant could challenge the jurisdiction of the court to hear the plaintiff's motion after he had made a general appearance in the case. The Court said:

> An action in court is not ended by the rendition of a judgment, but in certain respects it is still pending until the judgment is satisfied. . . . Motion affecting the judgment but not the merits of the original controversy may be made in the cause. . . . This is particularly true of judgments . . . in actions for alimony without divorce, in which it may not be said that the judgment is in all respects final. . . . Such actions are always open for motions in the cause. . . .

*Id.* at 234, 4 S.E. 2d at 448. The Court concluded: "Want of jurisdiction of the court in such matters may not be challenged by special appearance. The right of the plaintiff to make the motion may not be thus questioned." *Id.*

Defendant contends that his submission to our jurisdiction in 1978 does not preclude him from withdrawing or limiting the extent of his consent. We do not agree. "Jurisdiction once acquired is generally not divested by subsequent events." *Neal v. Neal*, 69 N.C. App. 766, 767, 318 S.E. 2d 255, 255 (1984). "For once jurisdiction of a court attaches it exists for all time until the cause is

fully and completely determined." *Kinross-Wright v. Kinross-Wright*, 248 N.C. 1, 11, 102 S.E. 2d 469, 476 (1958). Alimony actions cannot be fully and completely determined until the death or remarriage of the dependent spouse. G.S. 50-16.9(b).

We make no decision today as to whether the jurisdictional requirements contained in the Uniformed Services Former Spouses' Protection Act have been met. Those requirements relate to subject-matter jurisdiction rather than to personal jurisdiction. We are of the opinion and so hold that once jurisdiction attached, as it did here by defendant's consent in 1978, it exists until the cause is fully and completely determined. Consequently, the court did not err in denying defendant's 12(b)(2) motion to dismiss for lack of personal jurisdiction.

The order appealed from, insofar as it denies defendant's motion to dismiss for lack of personal jurisdiction, is affirmed. The appeal from the order denying defendant's motion to dismiss for lack of subject-matter jurisdiction is dismissed and the cause is remanded to the District Court for a hearing on plaintiff's motion in the cause.

Affirmed in part, dismissed in part, and remanded.

Judges WELLS and MARTIN concur.