# OCTOBER, 1930.

Merle Hanna, Respondent, v. Caleb Hanna, Appellant.—32 S. W. (2d) 125.

St. Louis Court of Appeals.   Opinion filed November 5, 1930.

*H. S. Rouse* and *C. D. Stewart* for appellant.

*Benjamin S. Bell* and *Walter M. Hilbert* for respondent.

HAID, P. J.—This is an appeal from an order granting plaintiff's motion and awarding to her attorneys' fees, suit money and temporary alimony.

In the view we take of the case it will be necessary to state only that plaintiff instituted a suit for divorce against the defendant on the grounds of indignities and abandonment.

In answer to the petition the defendant pleaded that on July 15, 1929, in the circuit court of the Second Judicial Circuit of the county of Minnehaha in the State of South Dakota, being a court of general jurisdiction, the defendant recovered judgment and decree against the plaintiff, absolutely divorcing him from the bonds of matrimony theretofore contracted with the plaintiff; that said court had full jurisdiction of the subject-matter and of the parties in said suit and that the decree rendered therein had not been appealed from, was in full force and effect and entitled to full faith and credit and that such decree is pleaded as a complete bar to the right of the plaintiff to prosecute this action.

The reply does not put in issue the jurisdiction of the South Dakota court of this class of cases but confines its averments entirely to the fact that said court was without jurisdiction of the parties, that the court was induced to enter the decree by fraud of the plaintiff therein, that at the time of the entry of said decree both parties to the action were residents of Missouri, that no proper legal notice of service was given to defendant, that the plaintiff deceived the court as to the residence and address of the defendant and other like averments.

At the hearing upon the motion for alimony, suit money and attorneys' fees, the defendant introduced in evidence an exemplified copy of the findings of fact, conclusions of law and decree of the circuit court of Minnehaha county, South Dakota. The findings

are to the effect that the plaintiff is and has been for more than a year last passed a bona-fide resident of the State of South Dakota during all of which time he has resided in Minnehaha county, South Dakota, that the plaintiff and defendant were married on November 13, 1926; that the defendant deserted the plaintiff on or about January 13, 1928, and found as a conclusion of law that the plaintiff was entitled to a decree of divorce and entered a decree accordingly.

In this state of the record before the trial court on the motion for attorneys' fees, etc., there being no evidence or finding of fraud and collusion in the procurement of the decree of divorce in South Dakota, we must follow the consistent policy of the courts of this State of giving full faith and credit to the decrees of sister States in this class of cases (Keena v. Keena (Mo. App.), 10 S. W. (2d) 1. c. 346; Howey v. Howey (Mo.), 240 S. W. 450; Howard v. Strode, 242 Mo. 1. c. 225, 146 S. W. 792) and since, under that decree the marriage relation between plaintiff and defendant had been dissolved before the hearing on the motion, the court was without jurisdiction to make the allowances prayed for.

Other questions are presented by the record but they relate to the pleadings which may be amended, if so advised and, therefore, there is no need of passing upon those questions.

It results that the order and decree granting to plaintiff attorneys' fees, suit money and temporary alimony must be and the same is hereby reversed and the cause remanded to the circuit court. *Becker* and *Nipper, JJ.,* concur.