MILDRED LOUISE TAYLOR v. RALPH TAYLOR, Appellant.—No. 40133.— 201 S. W. (2d) 176.

Division Two, March 10, 1947.

Motion for Rehearing to Transfer to Banc Overruled, April 21, 1947.

*J. C. Jaeckel* for appellant.

 

*Wayne Ely* and *James C. Jennings* for respondent.

 TIPTON, J.—In the circuit court of St. Louis County respondent recovered a judgment against appellant in the sum of $2,350.00 for unpaid installments of alimony and maintenance awarded in a decree of divorce granted her in the court of common pleas, Cuyahoga County, Ohio.

The decree of divorce was obtained by respondent on June 15, 1944. Incorporated in and made a part of the decree as the order of the court was a "memorandum of agreement." Among other things, that agreement provided that it "has been agreed that as permanent alimony the second party [appellant] will pay to the first party [respondent] the sum of One Hundred Dollars ($100.00) a month beginning on June 15, 1944, and that Fifty Dollars ($50.00) will be paid to her on that date and Fifty Dollars ($50.00) on the first and fifteenth of each month thereafter and that these payments of $100.00 a month shall continue as long as the first party remains unmarried"; and that "this payment of $100.00 a month shall include the amount which is necessary for the proper care and support of their minor daughter, who will be three years of age in August, 1944." The agreement also provided for the payment of the fees of respondent's counsel in the divorce action, and provided fur-

58

ther that "if it becomes necessary for the first party to engage the services of her present attorneys or any other attorneys for the purpose of enforcing the terms of this contract of settlement, then the second party agrees to pay whatever the costs, expenses and attorneys fees are proper and necessary for the purpose of enforcing the terms of this contract."

In addition to granting respondent her divorce as prayed, the decree of the court of common pleas of Cuyahoga County, Ohio, provided that:

"The Court further finds that the plaintiff and the defendant while living separate and apart, did, on the 14th day of June, 1944, enter into a written agreement providing for the payment of alimony to the plaintiff and for the support of their child and for the mutual settlement of property rights, which agreement is attached hereto and made a part hereof as if fully rewritten herein.

"The Court, upon full consideration of said agreement, finds the same to be fair, just and equitable and adopts the same as the order of this Court. It is, therefore, . . .

"Ordered, Adjudged and Decreed that the defendant pay to the plaintiff permanent. alimony, the amounts at the time and in the manner provided for in the said agreement, and that the payment for the support of said child shall also be made by the defendant in the manner provided in said agreement and that the custody of the child is ordered by the Court in the manner set forth in the agreement, and it is ordered by the Court that all of the terms of said agreement be carried into execution as the order of this Court."

Respondent had not remarried at the time of the trial but appellant had. The Ohio decree has not been modified. Appellant did not offer any testimony but at the close of the evidence filed a motion for a judgment in his favor which was overruled. The court found for respondent, awarding her the sum of $2,100.00 for the installments of alimony and maintenance that were unpaid up to the time of trial, and the sum of $250.00 as attorney fees, and entered a judgment against appellant for $2,350.00.

Appellant contends that the trial court erred in denying his motion for a judgment for the reason that under the laws of the state of Ohio the award of alimony and maintenance is not a final judgment for money and constitutes nothing more than an order from the court to appellant to make the specified monthly payments, and, therefore, respondent cannot maintain this action in this state.

To support his position, appellant relies upon the case of Holloway v. Holloway, 130 Ohio St. 214, 198 N. E. 579, l. c. 580, 581. In that case the husband had been adjudged guilty of contempt of court for refusal to pay the monthly award of alimony and maintenance. In ruling that case the court said:

"The court awarding alimony has inherent power to enforce. payment by contempt proceedings. . . .

"It is true that a mere contract to. pay alimony. cannot be enforced by contempt proceedings. But, as we stated above, in the instant case it is not the contract which is sought to be enforced, but the decree of court. Consequently, the inquiry is not whether the alimony. obligor has paid the amounts provided for in the contract, but whether he has paid the amounts ordered by decree of court. The husband's obligation to pay rests upon the decree.

"Another contention made is that the award of alimony is in the nature of a debt, and cannot be enforced by imprisonment. However, an alimony award is not a money judgment; nor is it in the nature of a business debt. Though it is an obligation imposed upon the husband, it is not such as may be characterized as a 'debt' within the prohibition against imprisonment for debt. Consequently, the allowance of an alimony award may be enforced by proceedings in contempt, and the recalcitrant may be punished by fine and imprisonment without violating the prohibition of imprisonment for debt. State ex rel. Cook v. Cook, 66 Ohio St. 566, 64 N. E. 567, 58 L. R. A. 625.

"A distinction may be drawn between ordinary judgments and an order for the payment ▮▮▮ of alimony. 'An ordinary judgment at law does not order the defendant to pay anything. It simply adjudicates the amount owing from defendant to plaintiff and remits the plaintiff to his ordinary remedies by execution or otherwise to enforce payment. On the other hand, an order to pay alimony pendente lite, though partaking also of the nature of a judgment, . . . goes further, and is a direct command of the court to the defendant to pay the sums therein mentioned. This command it has been the practice of courts from time immemorial to enforce by proceedings for contempt.' Fowler v. Fowler, 61 Okl. 280, 161 P. 227, 230, L. R. A. 1917C, 89. See, also, 2 Schouler on Marriage, Divorce, Separation and Domestic Relations (6th Ed.), 1998, sec. 1835." ·

To the same effect is the case of Slawski v. Slawski, 49 Ohio App. 100, 195 N. E. 258.

These cases hold nothing more than that contempt proceedings will lie against a husband for failure to pay alimony in amounts provided for in a separation agreement, which separation agreement is incorporated into and made a part of the decree of the court. The question for our determination is whether the judgment in question for alimony, payable in installments and rendered upon entering the decree for divorce, constitutes a final judgment within the full faith and credit clause of the federal constitution so far as accrued installments are concerned.

▮▮ The full faith and credit clause of the constitution of the United States was construed by the Supreme Court of the United States in the case of Sistare v. Sistare, 218 U. S. 1, 54 L. Ed. 905,

60

30 S. Ct. Rep. 682, 28 L. R. A. (N. S.) 1068. In that case the wife obtained a divorce from her husband in a state court of New York. The husband was ordered to pay her the sum of $22.50 weekly for the support of herself and the maintenance and education of a minor child. None of the installments of alimony had been paid and the wife commenced an action in the superior court of New London County, Connecticut, to recover the amount then in arrear of the decreed alimony. The husband's contention was that the judgment which was sought to be enforced in that action was not a final judgment entitled to full faith and credit in that state by virtue of the provision of the constitution of the United States for the reason that it was not a final judgment for a fixed sum of money since it was subject to modification by the court which granted it; therefore, it did not constitute a debt or obligation from the husband to the wife which could be enforced in that action. In ruling the case that court said:

"First, that, generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber case, 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had ben made prior to the instalments becoming due." Loc. cit. 1075-1076.

The principles of law announced in the Sistare case were reaffirmed by the Supreme Court of the United States in the case of Barber v. Barber, 323 U. S. 77, 65 S. Ct. 137, 89 L. Ed. 114, 157 A. L. R. 163.

Following the Sistare and Barber cases, the question for our determination is whether, by the laws of Ohio, the judgment which respondent has secured in that state for arrear of alimony is subject to modification by the court that rendered it.

We need not deal in inference in answering that question because it has definitely been decided by appellate courts of that state that if the decree of the trial court "did, upon consideration, approve and confirm the contract relating to alimony, and did order and adjudge that the payments should be made accordingly, and the provisions of the contract thereupon became a part of the judgment

of the court." The judgment of that court in reference to payment of alimony in monthly installments is "not only unconditionally fixed by the judgment of the court, but, having been made in pursuance of the contract of the parties, is not subject to modification after term, in the absence of fraud or mistake." Kettenring v. Kettenring, 29 Ohio App. 62, 163 N. E. 43, 1. c. 44. See, also, Law v. Law, 64 Ohio St. 369, 60 N. E. 560.

As previously stated, the decree in the case at bar did approve and confirm the contract of alimony and maintenance, and ordered, adjudged and decreed that alimony payments be made by appellant in the manner provided in the contract. Therefore, under the laws of Ohio, the trial court did not have the authority to modify the monthly alimony payments that were in arrear. Under the rule of law announced in the case of Sistare v. Sistare, supra, and Barber v. Barber, supra, we must rule that the Ohio judgment is entitled to the full faith and credit provision of our federal constitution and the trial court correctly ruled in entering judgment for respondent.

Appellant contends that the amount of the judgment is excessive because the court allowed respondent's present attorney a fee of $250.00 in this action. The contract which was incorporated in the Ohio decree provides that if it becomes necessary for respondent to engage the services of her present attorney or any other attorneys for the purpose of enforcing the terms of the contract of settlement, then appellant agrees to pay attorney fees that are necessary and proper for that purpose. It is appellant's contention that since this item is unliquidated, attorney fees are not allowable in this action. He cites no authority to sustain his position. This provision of the contract would be enforcible in Ohio and we believe this item should be allowed under the cases of Sistare v. Sistare, supra, and Barber v. Barber, supra. After an examination of the record, we conclude that the judgment should be for $2,100.00 for alimony in arrear and $250.00 for attorney fees, making the total judgment $2,350.00, which was the judgment the trial court entered.

The judgment should be affirmed. It is so ordered. All concur.