## GOSSETT v. GOSSETT.—241 S. W. (2d) 934.

Western Division, at Jackson.   March 5, 1951.

Petition for Certiorari denied by Supreme Court, July 27, 1951.

Harry P. Rubert and Miles, Rubert & Miles, all of Memphis, for appellant.

Dick Busby, of Memphis, for appellee.

SWEPSTON, J. This is an appeal by Mrs. Muriel R. Gossett from an adverse decree of the Chancellor.

The Gossetts were divorced several years ago, at which time the decree provided among other things for child support payable in weekly installments. The present proceedings were commenced by the filing of a petition for attachment of the body of Mr. Gossett for contempt for failure to pay the amounts heretofore adjudged. Also, a writ of ne exeat was prayed for, but refused. Gossett was attached and furnished bail in the sum required by the fiat of the Chancellor.

Gossett answered the petition in which he sought to show that he was not in wilful and deliberate disobedience of the orders of the Court. The contents of the answer

need not be referred to in detail but the concluding paragraph of the answer is as follows:

"Respondent most respectfully prays the Court that if the Court holds that he is not in deliberate and wilful contempt of the orders of this Honorable Court, he be relieved of the payment of the Judgment of the Court of Appeals and be permitted to make the settlement of $1,000.00 with the petitioner as has been agreed upon, subject to the approval of this Honorable Court, which settlement he asks the Court to approve, and to pay the child support of $10.00 per week, and be given the right to see and visit the child at all reasonable and seasonable times away from the petitioner and designate such visitations on days or weeks certain, as the Court finds mete and proper.

"And now, having fully answered, the respondent prays to be hence dismissed with his reasonable costs".

At the opening and close of the proof on the contempt-petition and answer, counsel for petitioner moved to strike the answer, or that part of same, which asked for affirmative relief, on the ground that respondent being in contempt could not be heard asking for any favor or relief. The motion was overruled.

The Chancellor after hearing the evidence on oral testimony found that respondent was guilty of contempt of Court for failure to pay the weekly payments theretofore ordered, which arrearages were substantial, being $10 per week from July 1, 1947 until the hearing on June 2, 1950, plus the sum of $445 adjudged against him by the Court of Appeals back in 1943.

The Chancellor further found that just before the arrest of respondent the parties had entered into an agreement that respondent would pay $500 cash and $500 thereafter for the education of the child, which would be in full

settlement of all obligations to petitioner; that respondent had made the agreement in good faith, but that according to petitioner's own testimony she made the agreement only as a ruse to delay defendant within this State until he could be arrested.

He further found that the judgment of the Court of Appeals was void on its face, but irrespective of the question of its validity, he would forgive or remit both the amount of this judgment and all other delinquent amounts except $500 to be paid complainant and $100 fee to her attorney; that respondent be committed to jail until he should pay said $600 into the registry of the Court and thereby purge himself of the contempt.

Whereupon respondent having immediately paid said sum into Court, and the Court costs, he was discharged.

The appellant assigns error:

(1) The Court erred in refusing to grant petitioner's motion to strike the respondent's answer and in granting relief to respondent;

(2) That it was error to hold void the judgment of the Court of Appeals;

(3) The Court erred in reducing the amount owing and delinquent because respondent was in contempt and was entitled to no relief until he had purged himself of the contempt.

(4) "The Court was in error in holding that petitioner came into Court with unclean hands in that she entrapped the respondent".

Assignments 1 and 3 will be covered together.

Appellant cites Bradshaw v. Bradshaw, 23 Tenn. App. 359, 133 S. W. (2d) 617, and Gibson's Suits in Chancery, Sections 204 and 924, wherein the general rule is stated that a party in contempt will not be allowed to file any pleading or make any motion on the merits of the princi-

pal case, or to ask any favor, until he has answered the contempt charge and has, if found guilty, purged himself of the contempt.

An inspection of the quoted part of the answer of respondent readily discloses that he asked for relief from delinquent payments *only in event* he was found *not* guilty. Since he was found guilty, it is obvious that the above authorities have no application to the instant proposition and that whatever the Court did was done on its own initiative and in the light of the whole situation.

The question of whether a party is guilty of contempt and, if he is guilty, then what punishment may or should be fixed are related of course, but must be viewed separately in the light of what the facts are.

■ It is settled by the Bradshaw case that a party cannot wilfully disable himself obeying an order of court and then set up his inability as a defense to a charge of contempt.

■ When he has been found guilty, however, it is only when he has the present ability to perform that he can be committed until he does perform. As has been said, he holds the key to his own cell.

If he is able to perform in part, he may be committed until he performs to that extent. Code Section 10121 and 10122.

If he is wholly unable to perform, he can be punished only by fine not exceeding $50, or imprisonment for not more than 10 days, or both. Code Section 10120.

See also Gibson's Suits in Chancery, Section 922; Higgins v. Lewis, 23 Tenn. App. 648, 137 S. W. (2d) 308; Crowder v. Hayse, 9 Tenn. App. 55; Cash v. Quenichett, 52 Tenn. 737; Also, 17 Am. Jur. 509, Sec. 669; Bradshaw v. Bradshaw, supra; Sullivan v. Sullivan, 23 Tenn. App. 644, 137 S. W. (2d) 306.

■ The Bradshaw case places on the respondent the burden of showing the extent of his inability to perform.

In the instant case the Court found that respondent was presently able to pay only the $600. The proof, which we need not review here, does not preponderate against that finding; in fact the evidence is in favor of such finding and the assignments do not raise a question on the point.

■ It is apparent from the foregoing that the Chancellor would not have been justified in committing respondent until the whole delinquent amount should be paid, because he could earn nothing while incarcerated and so far as his own earnings go he would have remained in jail forever.

The problem having reached the stage of solution where respondent had been held in contempt, his punishment fixed and the contempt purged, respondent was then in a position to ask a favor of the Court, although it does not appear that he did so; the Chancellor acted on his own volition.

Therefore, the first and third assignments must be overruled.

■ We think it well to say, however, that the Chancellor had the power of his own volition to grant relief from past due installments, although error is not assigned.

In Crane v. Crane, 26 Tenn. App. 227, 170 S. W. (2d) 663, it was held that Code Sections 8446 and 8454 are remedial and should be liberally construed to include the power of the Court to cancel or modify delinquent installments of child support on petition of the respondent. This case is cited in the Annotation in 6 A. L. R. (2d) 1284 and 1289.

We hold that the Chancellor may exercise the power on his own initiative, where the evidence justifies it.

■ We are further of opinion that the statute includes the power of the Chancellor to relieve the respondent from a judgment of the appellate court in the same cause, because the appellate courts have no original but only appellate jurisdiction, and a petition for such relief which required the adduction of evidence could be heard only in the original trial court; the statute makes no exception of judgment of appellate courts. Otherwise the statute would be meaningless where there has been an appeal and a decree entered on the appeal.

We, therefore, hold that the second assignment is immaterial; conceding for discussion that any judgment is void that is unsupported by a proper pleading, we think, as said above, the Chancellor could relieve from a valid judgment.

Chapter 53, Acts 1949 amending Section 8446 affording execution for matured installments of child support does not affect what has been said herein.

The fourth assignment is not determinative and is not a full statement of what the Chancellor did or said.

The Chancellor's opinion R. 92 et seq. shows that he was of opinion that petitioner did not have proper regard for the appropriate use of the court orders and process:

(1) Her first petition for a citation was dismissed when the evidence showed she had insisted on payments being made to her directly when the order required them to be made to the clerk; when a dispute arose as to what had been paid, she filed the petition.

(2) A second petition was filed to cite respondent for failure to pay $15 per week as ordered, without revealing in said petition that the parties had previously agreed

in writing to reduce the amount to $10, which respondent complied with.

(3) The present petition was filed and respondent attached when he had gone to petitioner's home and had already agreed to pay $500 cash and $500 in the future and had left a ring worth $200 as security, but the petition omitted to inform the court of their agreement; petitioner admitted on the stand that she did not make this agreement in good faith, but only to delay his departure from the State so that he could be attached.

It thus appears there was more in the Chancellor's mind than the entrapment, so that the cases on the question of entrapment cited by appellant are not determinative. They are: Thomas v. State, 182 Tenn. 380, 187 S. W. (2d) 529; Shaw v. U. S., 6 Cir., 151 F. (2d) 967.

After stating, however, that he thought petitioner had abused the processes of the Court and had come in with unclean hands, the Chancellor said: "But this case has had its many vicissitudes, and the Court thinks that the ends of justice and equity will be better accomplished by overlooking that on the part of petitioner and considering the petition on its merits; but, in turn, offsetting that by overlooking any default on the part of the respondent for the reasons indicated."

We, therefore, find no merit in assignment 4 and the same is overruled.

We find no error in the decree below. A decree will be entered here accordingly with costs against appellant.

Anderson, P. J., and Baptist, J., concur.