CLURA GERTRUDE BALLENTINE MORTON

*v.*

THOMAS VEASY MORTON.

448 S.W.2d 69

(*Jackson,* April Term, 1969.)

Opinion filed December 8, 1969.

W. C. RODGERS, Memphis, for appellant.

WILLIAM M. WALSH, Memphis, amicus curiae.

492

Mr. Justice McCanless delivered the opinion of the Court.

Before this Court is an appeal by the attorney for the complainant in a divorce suit from a decree which adjudged him to be in contempt.

The facts, briefly, are these: the complainant obtained from the defendant a decree of absolute divorce with an award of alimony of $40.00 a week on March 2, 1965. She caused numerous garnishments to issue and to be executed for the collection of her alimony until, on December 15, 1967, the court entered an order which provided that upon the payment of $100.00 all arrearage of alimony would be forgiven; then on May 31, 1968, another order which provided that upon the defendant's paying $40.00 each week for the following six weeks and a plumbing bill of $15.00 the delinquent alimony would be forgiven. The decree also provided that the complainant "shall cause no more garnishments to issue in this case without permission of the court." The complainant excepted to this order and prayed and was granted an appeal, which she perfected on June 13, 1967, by filing a pauper's oath.

On July 11, 1968, while the attorneys for both parties appeared in open court the defendant's attorney called the court's attention to the fact that the complainant's attorney was attempting to cause another garnishment to be served on the defendant's employer. The court thereupon entered the following order which was neither excepted to nor appealed from nor thereafter modified in any respect:

"In open Court Eulyse Smith (defendant's attorney) brought to the attention of the Court that Mr. W. C. Rodgers is preparing to issue garnishment in this cause and Mr. W. C. Rodgers is warned by the Court that he is not to issue garnishments without permission of the Court and that such garnishment would constitute contempt of Court. It is therefore ordered by the Court that W. C. Rodgers may not issue a garnishment in this cause without the express permission of the Court and that to issue garnishments without said permission would constitute contempt of Court."

Afterwards, on November 6, 1968, the complainant's attorney caused a garnishment to be served upon the defendant's employer and when the court learned of this action it cited and fined the attorney for contempt. The attorney appealed the judgment of contempt to the Court of Appeals, which by a divided court, reversed the Circuit Court on the ground that it was without authority to interfere with or suspend the issuance and execution of final process for the satisfaction of a judgment for alimony. Certiorari has been granted and the question now is before this Court for determination.

Two questions are involved in this appeal: was the injunction of July 11, 1968, a valid injunction, for the

violation of which the court could punish as a contempt, and was it in effect on November 6, 1968?

The Court of Appeals for the Western Grand Division in an opinion by Judge Swepston in *Gossett v. Gossett*, 34 Tenn.App. 654, 655, 241 S.W.2d 934, said:

"We think it well to say, however, that the Chancellor had the power of his own volition to grant relief from past due installments, although error is not assigned.

"In *Crane v. Crane*, 26 Tenn.App. 227, 170 S.W.2d 663, it was held that Code Sections 8446 and 8454 are remedial and should be liberally construed to include the power of the Court to cancel or modify delinquent installments of child support on petition of the respondent. This case is cited in the Annotation in 6 A.L.R.2d 1284 and 1289."

Judge Carney cited this opinion in his dissenting opinion and said: "On the principal that the greater includes the lesser I think the fact that the trial court has the authority to forgive in its entirety a past-due award of alimony gives the implied authority to the same court to forbid the wife from collecting an award of alimony by garnishment."

■ We hold that the court acted within its authority in ordering counsel to refrain from having garnishment issue "without permission of the Court", and that the order constituted a valid injunction of which the appellant had knowledge.

The other question for determination is whether the injunction of July 11, 1968, was in effect on November 6, 1968. We hold that it was then in effect.

■ By perfecting her appeal from the judgment of May 31, 1968, the complainant removed to the Court of Appeals only that part of the suit that was determined by the judgment of that day and it remained within the court's authority to deal with the collection of alimony and to protect the defendant from the harassment of repeated garnishments. It had the authority to issue the order of July 11, 1968, and to enforce it by punishing as contempt its violation by the complainant's attorney.

The Circuit Court appointed Mr. William M. Walsh of the Memphis Bar amicus curiae to represent it in the conduct of the contempt citation and Mr. Walsh ably briefed and argued the case in the Circuit Court, in the Court of Appeals, and in the Supreme Court. We are grateful to him for the time and for the skill he has given this assignment.

The Court of Appeals is reversed to the extent that it has modified the judgment of the Circuit Court. The judgment of the Circuit Court is affirmed and the costs are adjudged against the appellant.