Georgia SIEGEL F/K/A Mosier, Plaintiff-Respondent,

v.

Samuel R. MOSIER, Defendant-Appellant.

No. 43780.

Missouri Court of Appeals, Eastern District, Division Three.

March 30, 1982.

John K. Greider, St. Louis, for defendant-appellant.

Tom Mendelson, University City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a judgment which ordered that a California dissolution of marriage judgment and the related child support orders be made a final personal judgment of the St. Louis County Circuit Court. The California judgment was registered pursuant to the provisions of the 1948 version of the Uniform Enforcement of Foreign Judgments Law, § 511.760, RSMo. 1978;[1] Rule 74.79. The trial court entered the judgment against appellant in the amount of $17,944.28 for child support payments past due and owing including interest. The judgment is affirmed.

Appellant claims the trial court's earlier denial of respondent's motion for entry of final judgment was at least a dismissal of the case under § 511.760.10 and therefore the court erred in attempting to retain jurisdiction over the matter. Second, appellant claims the trial court erred in entering a judgment for a sum certain against appellant because § 511.760 did not authorize entering such a judgment.

On November 2, 1979 respondent applied to the St. Louis County Circuit Court for registration of a 1971 California judgment of dissolution of marriage and related child support orders. Respondent's prayer for relief asked for entry of a judgment against appellant in the amount of $12,000.62, plus interest and costs for unpaid child support payments dating back to 1971. Respondent brought this action under the Uniform Enforcement of Foreign Judgments Law, § 511.760; Rule 74.79. Appellant in his answer alleged partial or complete satisfaction of the debt.

On May 16, 1980 the court heard arguments on respondent's motion for entry of final judgment and appellant's motion to set aside the registration. Both parties submitted suggestions in support of their positions. Appellant pointed out in his suggestions that an issue of fact, the alleged partial satisfaction of the debt, still re-

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

mained. On June 4, 1980 the trial court denied respondent's motion to enter final judgment and set appellant's motion to set aside the registration for a hearing.

Prior to the hearing the parties stipulated to the validity of the 1971 dissolution decree and a 1977 modification. Appellant relied solely on his contention that § 511.760 did not authorize entry of a judgment for a specific sum in this case.

Appellant failed to appear at the November 12, 1980 hearing on his motion. The court then found in favor of respondent. The court entered a judgment for all unpaid child support accruing through November 1, 1980, an amount totalling $15,816.08, plus $2,128.20 interest, aggregating $17,944.28.

■ Appellant first argues the denial on June 4, 1980 of respondent's motion for entry of final judgment was a final judgment in favor of appellant, or at least a dismissal of these proceedings. The point is without merit.

Appellant bases his argument on § 511.760.10 and the corresponding rule, Rule 74.79(j). Section 511.760.10 states, "An order setting aside a registration constitutes a final judgment in favor of the judgment debtor." Appellant argues the denial of respondent's motion constituted an order setting aside the registration.

The trial court, however, by its denial of appellant's motion did not enter an order setting aside the registration. This is made clear by the court's simultaneous refusal to grant appellant's motion to enter an order to set aside the registration and by the court's ordering a hearing on the matter. The trial court recognized that an issue of fact remained and so refused to grant either party's request for final, favorable determination. The trial court's ruling on June 4, 1980 was neither a final judgment nor a dismissal without prejudice. The point is ruled against appellant.

■ Appellant next argues the court erred in entering a personal judgment for a specific sum against appellant. He maintains respondent was required to bring her action under the Uniform Reciprocal Enforcement of Support Law, §§ 454.010–454.360, rather than § 511.760 and that to permit respondent's action under § 511.760 would make the other statute a nullity.

It is true the Uniform Reciprocal Enforcement of Support Law provides for the relief respondent sought. §§ 454.290–454.340. However, the support law specifically states, "The remedies herein provided are in addition to and not in substitution for any other remedies." § 454.030. The support law, therefore, does not preclude appellant from pursuing a remedy under § 511.760.

In the alternative appellant argues that § 511.760 only authorizes registering the foreign judgment for child support but does not authorize entering a personal judgment for a sum certain. Because the California judgment did not include a specific sum due, appellant reasons the court had no authority to ascertain a specific sum and to enter a judgment against him for that sum. This point is also denied.

The Uniform Enforcement of Foreign Judgments Law applies only to judgments that are entitled to full faith and credit. § 511.760(1); Rule 74.79(a)(1); *Overman v. Overman*, 514 S.W.2d 625, 628 (Mo.App. 1974).

■ Support orders are entitled to full faith and credit only to the extent that they are final. *Sistare v. Sistare*, 218 U.S. 1, 17, 30 S.Ct. 682, 686, 54 L.Ed. 905 (1910); *Overman v. Overman, supra*. Future payments under a support order are not final because the order is subject to future modification. *See* Cal.Civil Code § 4700 (West 1970); § 452.370.

■ However, payments mandated under a support order which are past due and owing and not subject to retroactive modification are final judgments entitled to full faith and credit. U.S.Const.Art. IV § 1; *Sistare v. Sistare, supra; Overman v. Overman, supra*, at 628–629. Appellant does not claim that the payments were subject to retroactive modification. Therefore, the amount of the past due payments constituted a final judgment entitled to full faith

and credit. The entry of judgment for the specific sum due limited the judgment to that which was entitled to full faith and credit under the U.S. Constitution.

It would have been improper for the trial court to enter a judgment for the entire support order, including modifiable future payments. Those payments are not yet entitled to full faith and credit. The trial court had to limit the judgment to the past due amounts. This the trial court did. The trial court, therefore, did not err in entering a personal judgment against appellant limited to the ascertained amount of payments past due and owing, plus interest. §§ 511.-760.7 and 511.760.14; Rule 74.79(g) and 74.-79(n).

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.