NANCY KATHRYN GODINET, Petitioner

v.

LAHEY VINCENT GODINET, Respondent

High Court of American Samoa
Trial Division

FJ No. 1-88

June 30, 1989

Before REES, Associate Justice, VAIVAO, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Petitioner, William Reardon
For Respondent, Charles Ala'ilima

We took under advisement petitioner's motion to execute that portion of the Oregon divorce judgment purporting to transfer ownership of an interest in real property located in Pago Pago, American Samoa, from respondent Lahey Godinet to petitioner Nancy Godinet.

We conclude that the Oregon court was without jurisdiction to issue such an order. "It is well settled that although a court may have in personam jurisdiction to order one of the parties to convey to the other party a deed to property in another state, it cannot directly affect or determine title to that real property." Perry v. O'Donnell, 749 F.2d 1346 (9th Cir. 1984); see Fall v. Eastin, 215 U.S. 1 (1909). Since there was no jurisdiction to transfer title to the Pago Pago land, this part of the judgment was not entitled to full faith and credit unless it is shown that the question of jurisdiction was fully and fairly litigated in the court which rendered the original judgment. Durfee v. Duke, 375 U.S. 106 (1963). Pending a showing of such full and fair litigation --- presumably including a showing that the Oregon court was made. aware of the possibility that a transfer of land in American Samoa to Mrs. Godinet would deny full faith and credit to the American Samoa statutes regarding land ownership by non-Samoans --- we decline to enforce this part of the judgment.[1]

---

[1] In the course of our research we have also come across authority for the proposition, contrary to our ruling in an earlier stage of this proceeding, that a court may modify a foreign alimony judgment (at least with respect to those portions of the judgment that have not yet become due) notwithstanding the entitlement of the judgment to full faith and credit. See, e.g., Paolino v. Paolino, 420 A.2d 830 (R.I. 1980); Overman v. Overman, 514 S.W.2d 625 (Mo. App. 1974). In an earlier hearing we concluded that Mr. Godinet's current circumstances did not make it possible to pay the full amount ordered by the Oregon judgment, but denied reduction on the ground that full faith and credit precluded it. We do not propose to modify this judgment on our

The Oregon judgment did not order Mr. Godinet to execute a deed. Nor does it appear whether the Court had acquired jurisdiction over the person of Mr. Godinet (as opposed to in rem jurisdiction over the marriage status) so as to give it jurisdiction to issue such an order.

Accordingly, the motion for an order in aid of judgment is denied insofar as it requests an order to transfer the Pago Pago land to Mrs. Godinet.

own motion, but do feel that we should call the contrary authority to the attention of counsel.